IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GREGORY SHANE JONES,<br><br>              Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br><br>              Defendant. | CASE NO. 1:23-CV-02203<br><br>JUDGE J. PHILIP CALABRESE<br><br>MAGISTRATE JUDGE AMANDA M. KNAPP<br><br>**<u>INTERIM REPORT AND RECOMMENDATION</u>** |

Plaintiff Gregory Shane Jones ("Plaintiff" or "Mr. Jones") filed a Complaint against Defendant Commissioner of Social Security on November 13, 2023 (ECF Doc. 1) along with an Application to Proceed in District Court Without Prepaying Fees or Costs (ECF Doc. 2 "*informa pauperis* application" or "IFP Application")). For the reasons set forth below, the undersigned recommends that the Court **DENY** the IFP Application and require Mr. Jones to pay the $402.00 filing fee in this matter.

**I. Relevant background**

In Mr. Jones' affidavit in support of his *informa pauperis* application, he reports that, over the past twelve months, the average monthly income for he and his spouse was $9,530.00 and their expected monthly income for next month is $8,250.00. (ECF Doc. 2, p. 2.) Mr. Jones reports the following assets: $900.00 in checking accounts; a home valued at $185,000.00; two vehicles with one valued at $15,500.00 and the other valued at $13,000.00; a recreational vehicle trailer valued at $11,000.00. (*Id*. at p. 3.) He reports that he and his spouse have combined

1

monthly expenses totaling $5,462.36 and two minor children who rely upon them for support. (*Id*. at pp. 3-5.)

## II. Law and Analysis

"Pursuant to 28 U.S.C. §1915, this Court "may authorize the commencement . . . of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." *Ciavarella v. Comm'r of Soc. Sec.*, No. 5:13-CV-2031, 2013 WL 5354091, at *1 (N.D. Ohio Sept. 24, 2013) (quoting 28 U.S.C. § 1915(a)(1)); *see also Fox v. Comm'r of Soc. Sec.*, No. 5:19-CV-1301, 2019 WL 13201201, at *1 (N.D. Ohio June 14, 2019) (same). As recognized by the Sixth Circuit, "pauper status does not require absolute destitution." *Ciavarella*, 2013 WL 5354091, at * 1 (quoting *Foster v. Cuyahoga Dep't of Health & Hum. Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001)). Instead, "the relevant question is 'whether the court costs can be paid without *undue* hardship.'" *Id*. (emphasis in original).

Whether to allow an individual "to proceed IFP is within the Court's discretion." *See Ciavarella*, 2013 WL 5354091, at *1 (internal citation omitted). When considering an applicant's request to proceed IFP, federal courts generally consider not only an applicant's monthly income, but also an applicant's "other financial resources, including resources that could be made available from the applicant's spouse, or other family members" and "equity in real estate and automobiles." *Id.* at *1 (collecting cases).

Here, even though Mr. Jones's IFP Application reflects that he and his spouse expect a reduction in their monthly income, that reduced monthly income still exceeds their reported monthly expenses by almost $2,800.00. In addition, Mr. Jones and his spouse have at least two

2

unencumbered assets: a 2015 Dodge Ram, valued at $15,500.00, and a recreational vehicle trailer, valued at $11,000.00. They report monthly entertainment and recreation expenses of $600.00 and they have approximately $1,000.00 in their bank accounts.

In support of his IFP application, Mr. Jones provides further explanation as to why he is unable to pay the $402.00 filing fee, stating:

> I am filing for Social Security Disability because I cannot make ends meet without extra income and I am limited to what I can do physically and mentally at work. I am currently working two small jobs just to have enough to cover my expenses due to inflation costs of our current economy. Paying for the court costs is counterproductive to what and why I am filing for in the first place.

(ECF Doc. 2, p. 5.) Notwithstanding this additional information, considering the reported income and assets, it appears Mr. Jones possesses the financial ability to cover the costs of filing the complaint without undue financial hardship. "Rather than a case where the filing fee poses an undue hardship, this is a case in which Plaintiff must 'weigh the financial constraints posed by pursuing [his] complaint against the merits of [his] claims.'" *Hines v. Comm'r of Soc. Sec. Admin.*, No. 5:17CV2332, 2017 WL 6047651, at *2 (N.D. Ohio Dec. 7, 2017) (internal citations omitted). Accordingly, the undersigned finds that the IFP application should be denied.

### III. Recommendation

For the foregoing reasons, the undersigned recommends that the Court **DENY** Plaintiff's IFP Application and require Plaintiff to pay the filing fee in this matter within thirty days, or face dismissal of the action without prejudice.

Dated: November 17, 2023

                                              */s/ Amanda M. Knapp*
                                              AMANDA M. KNAPP
                                              UNITED STATES MAGISTRATE JUDGE

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).